IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL R. EYSTER, | § | |
| | § | No. 350, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1509003526 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 21, 2024
Decided: April 12, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the Superior Court's August 30, 2023, and September 19, 2023 orders denying the appellant's third motion for postconviction relief should be affirmed. The appellant has not pleaded any circumstances under Rule 61(d)(2)(i) or (d)(2)(ii) that overcome the procedural bars set forth in Rule 61,[1] nor does he claim that the Superior Court lacked jurisdiction.[2]

---

[1] *See* DEL. SUPER. CT. CRIM. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity either "that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or "a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid"); *see also id.* R. 61(i) (establishing procedural bars to postconviction relief and exceptions thereto).
[2] *Id.* R. 61(i)(5).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice